No. 16-5299

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 08, 2017
DEBORAH S. HUNT, Clerk

DAVID T. FRAZIER, )
            Petitioner-Appellant, )
)
v. ) O R D E R
)
UNITED STATES OF AMERICA, )
)
            Respondent-Appellee. )
)

Before: KETHLEDGE, WHITE, and STRANCH, Circuit Judges.

In this appeal from the district court's denial of relief under 28 U.S.C. § 2255, the government moves to vacate the certificate of appealability (COA) granted by this court on October 6, 2016, and to dismiss the appeal in light of *Beckles v. United States*, 137 S. Ct. 886 (2017), which forecloses relief on the sole claim on which the COA was granted. The federal defender who appeared on behalf of petitioner David Frazier has filed a motion to withdraw as counsel. Frazier opposes both motions.

In 2010, Frazier pleaded guilty to a methamphetamine conspiracy charge. The district court sentenced him to 294 months of imprisonment, classifying him as a career offender based on his two prior Tennessee convictions for felony evading arrest. This court affirmed, concluding that these convictions were properly counted as crimes of violence under the career offender guideline's residual clause, USSG § 4B1.2(a)(2). *United States v. Frazier*, No. 10-6568 (6th Cir. Feb. 19, 2013).

In 2014, Frazier filed for relief under § 2255, asserting that he received ineffective assistance of counsel and that the career offender enhancement was improper because his underlying state sentences were illegal and were subsequently vacated by the state trial court.

Frazier later moved for permission to amend his § 2255 motion to include a claim based on *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), which invalidated the identical residual clause in the Armed Career Criminal Act as unconstitutionally vague. The district court denied the motion to amend and denied relief on Frazier's other claims.

This court granted a COA as to Frazier's *Johnson* claim but denied a COA as to his other claims, and it denied his motion to reconsider that decision. After Frazier filed his pro se appellate brief, the federal defender entered an appearance on Frazier's behalf and filed a substitute brief, arguing the merits of his *Johnson* claim. This court subsequently granted the government's motion to hold the case in abeyance pending *Beckles*.

The Supreme Court has now held that the advisory sentencing guidelines "are not subject to a vagueness challenge under the Due Process Clause" and that, as a result, the career offender guideline's residual clause "is not void for vagueness." *Beckles*, 137 S. Ct. at 892. The government argues—and Frazier does not dispute—that *Beckles* "conclusively establishes that [Frazier] is ineligible for 28 U.S.C. § 2255 relief under *Johnson*." Because reasonable jurists could no longer disagree with the district court's determination that Frazier is not entitled to relief based on *Johnson*, a COA is no longer warranted on this claim. And because this was the only claim on which a COA was granted, we agree that counsel should be permitted to withdraw and that the appeal should be dismissed.

Frazier counters, however, that he has other meritorious claims. In particular, he argues that this court should vacate its denial of a COA with regard to his claim that his prior convictions cannot be counted as predicate crimes of violence because they were vacated by the state trial court and are not punishable by a term of imprisonment exceeding one year, as required by USSG § 4B1.2(a). But Frazier raised similar arguments in his previous motion for reconsideration, which this court denied. The court rules do not provide for multiple motions for rehearing or reconsideration. *See* Fed. R. App. P. 40(a); 6 Cir. R. 27(g). In any event, having reviewed the arguments that Frazier raises in his pro se filings, we conclude that the court did not

No. 16-5299
- 3 -

misapprehend or overlook any point of law or fact when it denied his request for a COA on this claim.  *See* Fed. R. App. P. 40(a)(2).

For these reasons, we **GRANT** the government's motion to vacate the COA, **GRANT** counsel's motion to withdraw, **DENY** Frazier's request for reconsideration, and **DISMISS** the appeal.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk